### MARCUS D. ELLIOTT v. JOSEPH MARTIN.

*Inn-keeper's lien—Board of horse.*

1. An hotel keeper has no inn-keeper's lien for the board of a horse received and kept under an express agreement with one not a guest to board the animal.

2. Nor will a lien attach under How. Stat. § 8399, which provides that whenever any person shall deliver to any person any horse, etc., to be kept or cared for, such person shall have a lien thereon for the keeping and care of said animal, and may retain possession of the same until such charges are paid, where one not the owner delivers a horse to an hotel keeper under an express agreement for its board, unless the authority of such person from the owner of the horse to make such agreement is shown.

Error to Shiawassee. (Wisner, J.) Submitted on briefs April 19, 1895. Decided May 28, 1895.

Replevin. Plaintiff brings error. Reversed. The facts are stated in the opinion. ...

John T. McCurdy, for appellant.

Albert L. Chandler, for defendant.

HOOKER, J. The plaintiff, being the owner of a stallion, put him into the possession of one Wilkinson, a horse trainer, at the same time taking back a promise to pay $5 per month until $100 should be paid to the plaintiff, which plaintiff testified was to pay for a half interest in the horse, which he agreed to sell him. The writing stated that $100 was part payment for the horse, the title and right of possession to remain in the plaintiff until the sum should be fully paid. Wilkinson took the horse to the barn of the defendant, who was a hotel keeper, and arranged for its board at $1.75 per week,

Wilkinson to care for the horse. He was kept there two weeks, during which time Wilkinson was boarding at a Mr. Clark's. He was not a guest of the defendant at any time, or, at all events, if it can be claimed that he was, the fact was disputed, and therefore a question for the jury. At the end of the two weeks he arranged with a Mr. Tucker to board the horse, and then went away. Tucker kept the horse until his feed gave out, and then took him to the defendant, and arranged to have him kept there for Wilkinson; the understanding being that the price should be 75 cents a day, and that one or both should write Wilkinson. Wilkinson did not return, and after some fourteen weeks the plaintiff found the horse at the defendant's barn, and, upon refusal to surrender him, replevied him. The defendant pleaded the general issue, and upon the trial claimed a lien for the keeping of the horse. The court directed a verdict for the defendant for the value of the keeping after the time that Mr. Tucker brought the horse there, but said no recovery should be permitted for the two weeks that he was there upon the first occasion. Error is assigned upon the charge, and the only question before us is whether defendant had a valid lien upon the horse for the keeping.

Tucker was at no time a guest at the hotel. The defendant is not shown to have known the true condition of the title to the horse, or that he did not suppose him to belong to Wilkinson. But the horse was not brought there by a guest, and, indeed, was taken under an express agreement to board. This gave him no right to an inn-keeper's lien. This question has been discussed in the recent case of *Taylor v. Downey*, 104 Mich. 532, and need not be further considered here. See *Grinnell v. Cook*, 3 Hill, 485, and cases cited.

It is claimed that a lien existed under How. Stat. § 8399, which reads as follows:

"Whenever any person shall deliver to any mechanic,

artisan, or tradesman any materials or articles for the purpose of constructing, in whole or in part, or completing any furniture, jewelry, implement, utensil, clothing, or other article of value, or shall deliver to any person any horse, mule, neat, cattle, sheep, or swine to be kept or cared for, such mechanic, artisan, tradesman, or other person shall have a lien thereon for the just value of the labor and skill applied thereto by him, and for any materials which he may have furnished in the construction or completion thereof, and for the keeping and care of such animals, and may retain possession of the same until such charges are paid."

Under this statute a lien would have attached if the horse had been taken to the defendant's barn for keeping by the plaintiff's direction. We think the evidence may have been sufficient to warrant the conclusion that plaintiff, being the owner of the legal title to the horse, authorized Wilkinson, the owner of an equitable half interest, to take the horse, for their mutual benefit, to keep and train, and that he thereby made him his agent, in the conduct of their mutual business, to the extent, at least, of getting the horse kept. But this was a question which should have been submitted to the jury, as the fact was not conclusively shown.

The judgment must be reversed, and a new trial ordered.

The other Justices concurred.